FILED

1  ARSHAK BARTOUMIAN (SBN 210370)
2  OMNIA LEGAL, INC
   118 W STOCKER ST
   GLENDALE, CA 91202          2011 OCT 20 PM 2:59
3  818-532-9339
   DISPUTES@OMNIALEGAL.ORG     CLERK U.S. DISTRICT COURT
4  ATTORNEY FOR PLAINTIFF, ARMEN HOVSEPYAN   CENTRAL DIST. OF CALIF.
                                             LOS ANGELES

                                             BY _____

5

6

7                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

8

9  ARMEN HOVSEPYAN          )     CV11-8711 -FMO
                           )
10      Plaintiff,          )    CASE NO:
                           )
11      vs.                 )    COMPLAINT AND DEMAND FOR JURY TRIAL
                           )    (Unlawful Debt Collection Practices)
12 COMMERCIAL COLLECTION    )
   OF AMERICA               )
13                          )
        Defendant.          )
14 _____ )

15

16
        ARMEN HOVSEPYAN (Plaintiff), by his attorney, OMNIA LEGAL INC, ARSHAK BARTOUMIAN
17 alleges the following against COMMERICAL COLLECTION OF AMERICA (Defendant).

18    1. Count I of the Plaintiff's Complaint is based on the federal Fair Debt
         Collection Practices Act, *15 U.S.C 1692 et seq. (FDCPA).*
19    2. Count II of the Plaintiff's Complaint is based on California state Rosenthal
         Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq. (RFDCPA).*
20
                          JURISDICTION AND VENUE
21    3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)* and *15 U.S.C.
         1681p,* which state that "an action to enforce any liability created by this
22       title may be brought in any appropriate United States district court without
         regard to the amount in controversy, or in any other court of competent
23       jurisdiction,"
      4. *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state
24       claims contained therein.
      5. Defendant conducts in the State of California, and therefore, personal
25       jurisdiction is established.
      6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*
26    7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

27                         PRIVATE RIGHT OF ACTION
      8. Plaintiff has a private right of action per *Cal. Civ. Code §1788.30(a).*
28

**PARTIES**

9. Plaintiff is a natural person residing in Glendale, Los Angeles County, California.

10. Plaintiff is a consumer, as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code §1788.2(h)*.

11. Defendant is a person, as that term is defined by *Cal. Civ. Code §1788.2(g)*.

12. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

13. Defendant is a debt collector, as that term is defined by *15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

14. Defendant is a national company and maintains a business office in Norwell, Massachusetts.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

16. On or about October 11, 2010, Plaintiff opened a Merchant Credit Card account with USBank (LADCO), at which time he was told that there would be a cancellation fee of $300.

17. On or about March 4, 2011, Plaintiff called and cancelled the account and paid the $300 cancellation fee by credit card.

18. On or about June 2011, Defendant called Plaintiff's relatives, including his wife and sister, at each of their cell phone numbers, threatening to sue Plaintiff if he does not pay for an alleged debt. Defendant identifies itself as CCA, a debt collector, and leaves a callback number 805-520-9800.

19. Upon receiving Defendant's messages left with his wife and sister, Plaintiff calls the Defendant to find out the Defendant's identity and the reason of his calls and threats.

20. During his conversation, Plaintiff was informed that Defendant was collecting an alleged debt owed to LADCO. Defendant threatened Plaintiff with a lawsuit if he refused to pay for the alleged debt. Plaintiff told the Defendant that he does not owe any debt to LADCO and/or USBank and requested that Defendant validates his claims of debt owed. Defendant refused to take Plaintiff's dispute and failed to send proper validation of debt.

21. Defendant, mainly through its agent Nick Adams, continues to constantly place collection calls to Plaintiff seeking and demanding payment for an alleged debt with threats of lawsuit.

22. Defendant calls Plaintiff and leaves voice messages stating that the call is from a debt collector and demands payment of the alleged debt with threats of lawsuit, which were overheard by third parties, including Plaintiff's relatives and friends.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PARTICES ACT**

23. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692c(b)*of the FDCPA because Defendant engaged in prohibited communication practices by communicating with third parties, both through direct telephone conversation and by leaving voicemail messages, which were overheard by third parties, expressly stating that the call is from a debt collector and that Plaintiff owes an alleged debt.

HOVSEPYAN V. COMMERCIAL COLLECTION OF AMERICA

b. Defendant violated §1692d(5) of the FDCPA by making repeated and continuous telephone calls to the Plaintiff with the intent to annoy, abuse, harass and threaten the Plaintiff;

c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

d. Defendant violated *§1692g(a)(1-5) by* failing to provide appropriate notice of the debt: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4)a statement that if the consumer notifies the debt collector in writing within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has incurred damages.

WHEREFORE, Plaintiff, ARMEN HOVSEPYAN, respectfully requests judgment to be entered against Defendant, COMMERCIAL COLLECTION OF AMERICA, for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act.

b. Statutory damages for Plaintiff pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

c. Actual damages, including loss of financing as a direct result of inaccurate and unfair collection practices and damages for pain and suffering of emotional distress (see Exhibit C)

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

e. Any other relief that this Honorable Court deems appropriate.

## COUNT II

### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

b. Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute and harassment to Plaintiff under the circumstances.

d. Defendant violated *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. §1692 et seq.*

27. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, ARMEN HOVSEPYAN, respectfully requests judgment be entered against Defendant, COMMERCIAL COLLECTION OF AMERICA, for the following:

a. Declaratory judgment that Defendant's conduct  violated the Rosenthal Fair Debt Collection Practices Act,

b. Statutory damages for Plaintiff pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b),*

c. Actual damages, including loss of financing as a direct result of inaccurate and unfair collection practices and damages for pain and suffering of emotional distress (see Exhibit C)

d. Costs and reasonable attorney's fees pursuant to the Rosenthal Fair Debt
   Collection Practices Act, *Cal. Civ Code §1788.30(c)*, and

e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ARMEN HOVSEPYAN, demands a jury trial in
this case.

DATED: October 20, 2011

RESPECTFULLY SUBMITTED,
OMNIA LEGAL, INC.

ARSHAK BARTOUMIAN, ATTORNEY FOR PLAINTIFF

1                      VERIFICATION OF COMPLAINT AND CERTIFICATION

2    STATE OF CALIFORNIA

3    Plaintiff, ARMEN HOVSEPYAN, states as follows:

4        1. I am the Plaintiff in this civil proceeding.
         2. I have read the above-entitled civil Complaint and I believe that all of the
5           facts contained in it are true, to the best of my knowledge, information and
            belief formed after reasonable inquiry.
6        3. I believe that this civil Complaint is well grounded in fact and warranted by
            existing law or by a good faith argument for the extension, modification or
7           reversal of existing law.
         4. I believe that this civil Complaint is not interposed for any improper purpose,
8           such as to harass any Defendant(s), cause unnecessary delay to any
            Defendant(s), or create a needless increase in the cost of litigation to any
9           Defendant(s), named in the Complaint.
         5. I have filed this complaint in good faith and solely for the purposes set forth
10          in it.

11          Pursuant to 28 U.S.C. §1746(2), I, ARMEN HOVSEPYAN hereby declare (or certify,
            verify or state) under penalty of perjury that the foregoing is true and
12          correct.

13          DATE: October 20, 2011

14                                              ARMEN HOVSEPYAN
                                                PLAINTIFF

15

16

17

18

19

20

21

22
            I have suffered from the following due to, or made worse by, the
23          actions of the Defendant's debt collection activities:

24          1. Sleeplessness                                              YES   NO
            2. Fear of answering the telephone                            YES   NO
25          3. Nervousness                                                YES   NO
            4. Fear of answering the door                                 YES   NO
26          5. Embarrassment when speaking with family or friends         YES   NO
            6. Depressions (sad, anxious, or "empty" moods)               YES   NO
27          7. Chest pains                                                YES   NO
            8. Feelings of hopelessness, pessimism                        YES   NO
28          9. Feelings of guilt, worthlessness, helplessness             YES   NO
            10.   Appetite and/or weight loss or overeating and weight gain  YES   NO
            11.   Thoughts of death, suicide or suicide attempts          YES   NO

HOVSEPYAN V. COMMERCIAL COLLECTION OF AMERICA

12.   Restlessness or irritability                                          YES   NO
13.   Headache, nausea, chronic pain or fatigue                             YES   NO
14.   Negative impact on my job                                             YES   NO
15.   Negative impact on my relationships                                   YES   NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:_____
_____
_____
_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. §1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: October 20, 2011

_____
Signed Name

_____
Printed Name

HOVSEPYAN V. COMMERCIAL COLLECTION OF AMERICA

1    I, Sona Aroyan have received numerous phone calls from Commercial
Collection of America on my cell phone regarding a debt allegedly owed by my
2    husband Armen Hovsepyan. The callers identified themselves as
representatives/agents for CCA and/or Commercial Collection of America on or
3    around June 20, 2011, and threatened to file a lawsuit against my husband in
the event he did not pay them for the alleged debt.

4

5    Dated: September 27, 2011          By: _____

6

7

8

9    I, Armine Hovsepyan have received numerous phone calls from Commercial
Collection of America on my cell phone regarding a debt allegedly owed by my
10   husband Armen Hovsepyan on or around June 20, 2011. The callers identified
themselves as representatives/agents for CCA and/or Commercial Collection of
11   America, and threatened to file a lawsuit against my brother in the event he
did not pay them for the alleged debt.

12

13
Dated: October 20, 2011          By: _____
14

15

16   I, Andranik Asatryan have overheard an conversation between Armen
Hovsepyan and an agent/representative from Commercial Collection of America
17   on September 6, 2011, the agent/representative has threatened to file a
lawsuit against Armen Hovsepyan in the event he did not pay them for the
18   debt.

19   Dated: September 27, 2011          By: _____

20

21

22   I, Vahe Margaryan have overheard an conversation between Armen
Hovsepyan and an agent/representative from Commercial Collection of America
23   September 6, 2011 the agent/representative has threatened to file a lawsuit
against Armen Hovsepyan in the event he did not pay them for the debt.

24

25   Dated: October 20, 2011          By: _____

26

27

28

HOVSEPYAN V. COMMERCIAL COLLECTION OF AMERICA