1  Franklin J. Love, Bar #80334
2  125 South Citrus Avenue, Suite 101
3  Covina, CA 91723
4  Telephone-626-653-0455
5  Fax-626-653-0465
6  Email-office@fjlovelaw.com
7  Attorney for Defendants, California Business
8  Bureau, Inc.
9
10
11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13
14  ARMEN HOVSEPYAN              ) CASE NO. CV 11-08711 FMO
15                               ) MEMORANDUM OF POINTS AND
16       PLAINTIFF               )  AUTHORITIES IN SUPPORT OF MOTION
17                               )  TO DISMISS
18  VS.                          )
19                               )
20  COMMERCIAL COLLECTIONS OF    )   DATE: 01/11 /12
21  AMERICA, LLC                 )    TIME: 10:00 AM
22       DEFENDANTS              )    PLACE: COURTROOM F
23  _____ )   JUDGE FERNANDO M. OLGUIN
24     Federal Rules of Civil Procedure, Rule 12 (b) (6) provides that the court may dismiss a
25  claim when it fails to state a cause of action.  In this case, the claim for liability against
26  Commercial Collections of America, LLC (CCA) alleges an attempt to collect a debt for a
27  Merchant Credit Card account with USBank (LADCO).  Plaintiff's complaint contains
28  merely a conclusion that Plaintiff is a "consumer" and that CCA attempted to collect a

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  "consumer debt".  The only specificity to Plaintiff's allegations references a "Merchant"
2  Credit Card Account.  The definition of "Merchant" is one whose occupation is the
3  wholesale purchase and retail sale of goods for profit and/or one who runs a retail business.
4  Clearly a Merchant and Consumer are not synonymous.  Further Plaintiff alleges that he
5  opened his "Merchant Credit Card" with USBank (LADCO), but he fails to allege as to how
6  USBank and LADCO are one in the same.
7     In <u>Bell Atl. Corp v. Twombly</u> (2007) 550 U.S. 544 and <u>Ashcroft v. Iqbal</u> (2009) 129
8  S. Ct. 1937, the US Supreme Court held that a complaint must contain "more than an
9  unadorned, the defendant-unlawfully-harmed-me accusation".  In <u>Moss v. U.S. Secret
10 Service</u> 9th Circuit (2009) 572 F. 3d 962, 969, the 9th Circuit stated that "In sum, for a
11 complaint to survive a motion to dismiss, the non-conclusory factual content, and
12 reasonable inferences form the content, must be plausibly suggestive of a claim entitling
13 the Plaintiff to relief".
14    Those specific facts that have any measure of clarity do not create a claim for relief as
15 the allegations set forth a commercial and not a consumer debt.  In Bloom v. I.C. System,
16 Inc (9th Circuit) (1992) 972 F. 2d 1067, the court held that "The FDCPA protects consumers
17 from unlawful debt collection practices.  Consequently, the Act applies to consumer debts
18 and not business loans."
19    The deficiency and at best ambiguity of the complaint is convincingly clarified to
20 demonstrate that the issue is ripe for Summary Adjudication.
21    In <u>Suckow Borax Mines Cosol v. Borax Consol</u> 9th Circuit (1950) 185 F. 2d 196, 205,
22 the court stated: "Affirmative defenses, even though not appearing on the face of the
23 complaint, may be established upon motion to dismiss...when, by affidavits, depositions and
24 admissions, a set of undisputed facts is revealed upon which the moving party is entitled to
25 summary judgment as a matter of law".
26    There is no reason for CCA to bear the burden of expensive litigation when the
27 exposure of the several flaws of Plaintiff's claim is so painfully obvious.  The attached
28 Declaration of Jackie Davis demonstrates without any equivocation that LADCO is not in

-2-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

any manner USBank and that the debt that this Plaintiff incurred to LADCO and was assigned to CCA was a commercial debt. What consumer leases a credit card processing machine for personal, family or household purposes? Even if by some stretch of Plaintiff's fertile imagination he could attempt to articulate how he would utilize such equipment for personal, family or household purposes, that does not transform this to a consumer debt. In Bloom the court articulated that when classifying a loan, courts typically "examine the transaction as a whole". It is submitted that there can be no dispute as to this issue. The lease itself is designated as a Non-Cancellable Equipment Finance Lease (Commercial). The agreement references in several parts that it is designated for a "Merchant". Further it states "Lessee certifies that the Property shall be used solely for business". As the Declaration of Jackie Davis attests, LADCO does not and has never leased Point-of-Sale Equipment to a consumer. Further the New Account Confirmation references that the lease is for Plaintiff's business, Royal Platinum Auto.

It is submitted the case should be dismissed with prejudice and there is no basis for leave to amend as Plaintiff has sought a claim under FDCPA and California's Rosenthal Acts which simply do not pertain to commercial transactions.

Dated: December 6, 2011

/s/ FRANKLIN J. LOVE
ATTORNEY FOR DEFENDANT,
COMMERCIAL COLLECTIONS OF
AMERICA, LLC

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS